976 F.2d 724
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Haven TRIPLETT, Plaintiff, Appellant,
v.
Phillip W. JOHNSON, Etc., et al., Defendants, Appellees.
 No. 92-1163.
 United States Court of Appeals,
First Circuit.
 Sept. 29, 1992
 
 Appeal from the United States District Court for the District of Massachusetts [Hon. A. David Mazzone, U.S. District Judge]
 Haven Triplett on brief pro se.
 Scott Harshbarger, Attorney General, and Susan B. Carnduff, Assistant Attorney General, on Motion for Summary Decision and Memorandum in Support of Motion for Summary Decision, for appellees.
 D.Mass.
 AFFIRMED.
 Before Breyer, Chief Judge, Campbell, Senior Circuit Judge, and Selya, Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff is not entitled to relief in the present forum concerning his complaint that Mount Wachusett Community College (MWCC) wrongfully retained PELL grant funds because no private right of action is implied under the PELL Grant Program. L'ggrke v. Benkula, 966 F.2d 1346 (1st Cir. 1992).
 
 
 2
 As for plaintiff's complaints that MWCC cancelled courses, refused free CLEP tests, failed to credit Elkins Institute courses, and did not issue a certificate of completion, plaintiff has failed to state any cognizable federal claim. No state statute or regulation confers on plaintiff a property or liberty interest in receiving any particular instructional course, college credits, or a certificate of completion. To the contrary, the statutes on which plaintiff relies grant broad discretion to defendants to determine what types of programs to offer. Nor need we determine whether MWCC violated any contractual agreement it may have had with plaintiff because a mere breach of contract of the sort claimed would not give rise to a § 1983 claim for deprivation of property without due process. San Bernardino Physicians' Services Medical Group, Inc. v. County of San Bernardino, 825 F.2d 1404 (9th Cir. 1987); Jimenez v. Almodovar, 650 F.2d 363, 370 (1st Cir. 1981) ("A mere breach of contractual right is not a deprivation of property without constitutional due process of law.... Otherwise, virtually every controversy involving an alleged breach of contract by a government or a governmental institution or agency or instrumentality would be a constitutional case.").
 
 
 3
 Affirmed.